By the Court.—Clerke, J.
I. The act of 1864 declares that principals and vice-principals shall be appointed by the board *185 of education upon the written nomination of a majority of the trustees of the ward. The actual appointment, then, is vested exclusively in the board of education. It necessarily follows that the power of removal is also vested exclusively in them; for if the trustees were permitted to exercise this latter power, they could at all times nullify the power of appointment given expressly to the board of education. The former could remove as fast as the latter may appoint. If the board of education then have the exclusive power of removal, they alone have the power of deciding when a vacancy has occurred, whether by resignation or otherwise ; which includes the power of accepting or not accepting a proposed resignation. Consequently, the tender of resignation by a principal or vice-principal should be directed and delivered to the boarcf of education, who alone have the power of accepting or not accepting it. There was not, in the present case, any resignation by Wood to the board of education, and no acceptance by them of his intended resignation. This is essential to consummate a resignation ; until this is done, either by the express acceptance or by the appointment of another in liis' place, an incumbent is never legally out of office. “ Otherwise an unworthy person, guilty of the most flagrant violation of his duty, could, by voluntary action on his part, in many cases escape a trial, and the deserved ignominy of a dismissal ” (The People on the relation of McCune v. The Board of Police, 20 Barb., 501). No vacancy having actually existed, the board of education were not bound to take any notice of the nomination by the trustees.
II. Even if there was a vacancy, we could not grant this particular application. We are asked to compel the board - of education to appoint Abner B. Holly. Why ? Merely because he was nominated by the trustees. This would be giving the appointment, instead of the nomination, to the trustees, in direct contravention of the act. Under no circumstances, could we do anything more than compel the board of education to proceed to consider the nomination, and to exercise the discretion which • the legislature has vested in them. ■ '
We could not interfere with that discretion, and order that the will of the trustees, or our will, should dominate over it.
The order must be affirmed, with costs.